Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff
ANTHONY BOUYER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual,<br><br>            Plaintiff,<br>v.<br><br>GIDON A. LAVI; an individual; ROBERTA KAY LAVI, an individual,<br><br>            Defendants. | Case No.: 2:20-cv-04764-PSG-AS<br><br>Honorable Judge Philip S. Gutierrez<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOITON TO DISMISS**<br><br>**Date:** August 31, 2020<br>**Time:** 1:30 p.m. |

# TABLE OF CONTENTS

I. Preliminary Statement………………………………………………………..…..1

II. The Complaint is sufficiently pled ……………...……………………….1

III. Many of Defendant's claims about the lack of alleged facts cannot be supported. A review of the Complaint demonstrates that Defendant does not fairly portray the complaint……………………………………. ……………6

IV. Defendant' arguments about standing misconstrue the relevant law; the Complaint adequately alleges standing ……………..……………………7

V. Defendant ignores the deferential standard given to pleading language and demands detailed facts that are not required in a complaint……......…...10

VI. No early site visit or evidentiary hearing is warranted because Defendant has submitted no evidence to convert its motion into a factual one…………12

VII. Conclusion…...……………………………………………………………....12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
   550 US 544 (2007) ................................................................................. 10, 11

*Braden v. Wal–Mart Stores, Inc.*,
   588 F3d 585 (8th Cir. 2009) .......................................................................... 10

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) ..................................................................... 8, 11

*Civ. Rights Educ. and Enf't Ctr. v. Hosp. Properties Tr.*,
   867 F.3d 1093 (9th Cir. 2017) ........................................................................ 9

*D'Lil v. Best Western Encina Lodge & Suites*,
   538 F.3d 1031 (9th Cir. 2008) ........................................................................ 9

*Doe v. Abington Friends School*,
   480 F.3d 252 (3rd Cir. 2007) ........................................................................ 12

*Doran v. 7-Eleven, Inc.*,
   524 F.3d 1034 (9th Cir. 2008) ........................................................................ 9

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2002) ...................................................................... 12

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*,
   603 F.3d 666 ................................................................................................... 1

*Moeller v. Taco Bell Corp.*,
   816 F.Supp.2d 831 (N.D. Cal. 2011) .............................................................. 2

*Peloza v. Capistrano Unified Sch. Dist.*,
   37 F.3d 517 (9th Cir. 1994) .......................................................................... 10

*Skaff v. Meridien North America Beverly Hills, LLC*,
   506 F.3d 832 (9th Cir. 2007) ................................................................... 11, 12

**Statutes**

42 U.S.C. § 12182(b)(2)(A)(iv) ................................................................................. 2

42 U.S.C. § 12183(a)(2) ............................................................................................ 2

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 10

Rule 8 ...................................................................................................................... 11

Rule 16 .................................................................................................................... 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Preliminary Statement

Defendants Gidon A. Lavi and Roberta Kay Lavi ("Defendants") move for dismissal of the Compliant grounded on the court's "lack jurisdiction over the subject matter" (Fed. R. Civ. P. 12(b)(1)) because Plaintiff Bouyer allegedly (1) failed to allege facts that show the existence of injury in fact[1] and (2) failed to allege how injury can be redressed.[2] Defendants further argue that the Complaint does not meet the plausibility standard and is subject to dismissal under Fed. R. Civ. P. 12(b)(6).[3] Defendants are wrong. As discussed below, the Complaint contains sufficient factual allegations, and Plaintiff's pleading is sound.

## II. The Complaint is sufficiently pled

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and give "the defendant fair notice of what the . . . claim is and grounds upon which it rests" in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. In order to determine whether a pleading contains the necessary allegations, a party must understand what constitutes a viable claim under the cause of action pled.

Plaintiff Bouyer's claims are based on Title III of the ADA. To succeed on a Title III ADA architectural barrier claim, "a plaintiff must show that: (1) he is disabled . . . (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations" because of his disability. (*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666.) "The third element—whether plaintiffs

---

[1] Def. Motion at 3.
[2] Def. Motion at 10.
[3] Def. Motion, p. 13.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT

were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." (*Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing, Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).)

This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." (42 U.S.C. § 12183(a)(2); 42 U.S.C. § 12182(b)(2)(A)(iv)).  Thus, the following is a simplified statement of the elements necessary for Mr. Bouyer to allege under this section:

1. Mr. Bouyer must be disabled.
2. Defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA.
3. Defendants must be a responsible party, i.e., owner, operator, lessor or lessee;
4. Defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the Defendant failed to remove;
5. Mr. Bouyer must have actually encountered a non-removed and unlawful barrier;
6. The barrier must continue to impact Mr. Bouyer because either (1) he will return and face it again or (2) Mr. Bouyer is being deterred from returning because of his knowledge of the barrier.

As demonstrated by the table below, Mr. Bouyer has made all the necessary factual and legal allegations necessary to state a claim.

| Element | Fact Alleged |
|---|---|
| 1. Disability | "Plaintiff is substantially limited in performing one or more major life activities because he is |

2

| | | |
|---|---|---|
| | | paraplegic, including but not limited to: walking, standing, ambulating, and sitting. As a result of these disabilities, Plaintiff requires a wheelchair for mobility.<br><br>(Complaint, ¶ 1.) |
| | 2. Place of Public Accommodation | "The Business is a facility open to the public, a place of public accommodation, and a business establishment."<br><br>(Complaint, ¶ 9). |
| | 3. Responsible Parties | "2. Plaintiff is informed and believes and thereon alleges that Defendants GIDON A. LAVI, an individual; ROBERTA KAY LAVI, an individual, owned the property located at 12516 Vanowen St., North Hollywood, CA 91605 ("Property") on or around May 22, 2020."<br><br>"Plaintiff is informed and believes and thereon alleges that Defendants GIDON A. LAVI, an individual; ROBERTA KAY LAVI, an individual, own the Property currently."<br><br>(Complaint, ¶¶ 2, 3). |
| | 4. Plaintiff's Encounter with Barriers. | "Plaintiff went to the Business [the Property serving Carmel Liquor] on or about May 22, 2020 for the dual purpose of purchasing a beverage and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning federal and state law."<br><br>"Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on May 22, 2020." |

3

| | |
|---|---|
| | "At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1); and, an accessible parking space that does not contain compliant accessible parking signage (Section 502.6)." |
| | "Plaintiff personally encountered these barriers. The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA." |
| | "The conditions identified *supra* in paragraph 12 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects.; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, and relate to the distance of the accessible path to the accessible entrance." |
| | "Plaintiff is informed and believes and thereon alleges Defendant has no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG" |
| | "As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property" |

| | |
|---|---|
| | (Complaint, ¶¶ 8, 11, 12, 14, 16, 17, 21). |
| 5. The Barriers are Readily Achievable to Remove | "The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable."<br><br>(Complaint, ¶ 23). |
| 6. Plaintiff is deterred from returning. | "Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law."<br><br>"Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility."<br><br>"Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of Plaintiff's rights under the ADA"<br><br>"Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove."<br><br>(Complaint, ¶¶ 19, 20, 25, 31). |

5

Each of the required factual allegations have been made. Defendants however, argues that the court should dismiss the Complaint because Mr. Bouyer has not sufficiently pled an ADA/Unruh case or alleged facts to show standing. Defendant is wrong.

### III. Many of Defendants' claims about the lack of alleged facts cannot be supported. A review of the Complaint demonstrates that Defendants do not fairly portray the complaint.

Defendants seem to read the Complaint with blinders. Many of Defendants' claims about what the Complaint does and does not say cannot withstand scrutiny.

| Defendant' Claim | Complaint Language |
|---|---|
| "[H]ow was Plaintiff's disability affected by the alleged barriers to deny Plaintiff full and equal access?"<br><br>• Def Motion, p. 9, lines 21-23. | Plaintiff is paraplegic and uses a wheelchair for mobility. Complaint ¶1.<br><br>"Plaintiff personally encountered these barriers." Complaint ¶16.<br><br>"As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property" Complaint ¶ 21. |
| "Simply put, what aspects of the Site must Defendant alter if Plaintiff is not to be deterred?"<br><br>• Def Motion, p. 10, lines 13-15. | "At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5) and, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1)"<br><br>"Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of Plaintiff's rights under the ADA" |

| | |
|---|---|
| | "Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove." (Complaint, ¶¶ 12, 25, 31) |
| "Plaintiff has not averred a credible and/or plausible plan to return." • Def Motion, p. 11, lines 9-10. | "**Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public** and to ensure that the Business ceases evading its responsibilities under federal and state law." Complaint ¶19. |

**IV. Defendants' arguments about *standing* misconstrue the relevant law; the Complaint adequately alleges standing**

Defendants acknowledge that there are violations of the ADAAG sections 406.1, 406.5, and 502.6, and that Mr. Bouyer is disabled and confined to a wheelchair, but Defendants argue that "Plaintiff does not specify his needs, and how the existing arrangement prevented him from having access to the business at the strip mall"

Plaintiff Bouyer identified exactly how the parking lot violated the law, giving both factual information[4] and the legal standards[5] and that he is paraplegic and requires a wheelchair to ambulate[6] and that the discriminatory barriers caused

---

[4] Complaint, ¶ 12.
[5] Complaint, ¶ 11.
[6] Complaint ¶ 1.

7

him difficulty because of his disability.[7]

As for Defendants' claim that Mr. Bouyer fails to explain how the lack of accessible parking denied him "full and equal access," this also demonstrates a misunderstanding of the law. The Ninth Circuit has held that the phrase "full and equal" is a term of art, having specific reference to the Americans with Disabilities Act Accessibility Guidelines. (*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011).) The *Chapman* court held that "the ADAAG establishes the technical standards required for 'full and equal enjoyment'" and that "if a barrier violating these standards relates to a plaintiff's disability, it **will** impair the plaintiff's full and equal access" and "constitutes 'discrimination' under the ADA." (*Id.* (emphasis added.))

The *Chapman* court, sitting *en banc*, held that this was an objective test looking to the ADAAG and not a subjective one that relied upon the plaintiff's actual experience:

> A disabled person who encounters a "barrier," i.e., an architectural feature that fails to comply with an ADAAG standard relating to his disability, suffers unlawful discrimination as defined by the ADA. 42 U.S.C. § 12182(b)(1)(A)(i). Indeed, by "establish[ing] a national standard for minimum levels of accessibility in all new facilities," *Indep. Living Res.*, 982 F.Supp. at 714, the ADAAG removes the risk of vexatious litigation that a more subjective test would create. Those responsible for new construction are on notice that if they comply with the ADAAG's objectively measurable requirements, they will be free from suit by a person who has a particular disability related to that requirement.

(*Chapman*, 631 F.3d at fn. 5).

Defendants also argue that there is a standing problem because "there is no explanation given as to whether [Plaintiff] has specific plans to return to the Site."[8]

---

[7] Complaint ¶ 21.
[8] Def. Motion, p.11, lines 5-6.

First, Defendants do not fairly construe the Complaint. Mr. Bouyer expressly alleges that he "intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public *and* to ensure that the Business ceases evading its responsibilities under federal and state law."[9]

While Mr. Bouyer has alleged his intent to return as a customer, he did not need to. The Ninth Circuit recently tackled the issue head-on and ruled: "We also conclude that motivation is irrelevant to the question of standing under Title III of the ADA." (*Civ. Rights Educ. and Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017).) In *Civ. Rights*, the court held that "as a matter of first impression, a plaintiff suing under Title III of the ADA can claim tester standing." (*Id.* at 1093.) In other words, it *does not matter why* Bouyer went to the business or desires to return, he has a right to full and equal access and to be free from discrimination.

"The Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." (*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 -1040 (9th Cir. 2008), quoting, *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972).) Therefore, "[a]llegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." (*Doran*, *supra*, 524 F.3d at 1041.) The Ninth Circuit has also held that alleging "a desire to visit the accommodation if it were made accessible" is sufficient. (*D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).)

Here, Mr. Bouyer has made the required allegations to establish standing. Mr.

---

[9] Complaint, ¶ 19.

Bouyer alleged that he encountered the barriers[10] and that he is deterred but intends to return and patronize the business once the barriers are removed: "Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law."[11] Mr. Bouyer has adequately alleged standing.

## V. Defendants ignore the deferential standard given to pleading language and demand detailed facts that are not required in a complaint.

On a motion to dismiss under Rule 12(b)(6), the Court is required to "read the complaint charitably, to take all well-pleaded facts as true, and to assume that all general allegations embrace whatever specific facts might be necessary to support them." (*Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).) All reasonable inferences from the facts alleged are drawn in a plaintiff's favor in determining whether the complaint states a valid claim. (*Braden v. Wal–Mart Stores, Inc.*, 588 F3d 585, 595 (8th Cir. 2009) *Braden v. Wal–Mart Stores, Inc.*, 588 F3d 585, 595 (8th Cir. 2009)). The Court must accept as true all material factual allegations in the complaint: "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." (*Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007) (internal quotes omitted).)

Defendants urge the court to reject this charitable and deferential pleading standard in favor of a hyper-critical reading. For example, Defendants argue that "Plaintiff does not provide sufficient factual allegations as to how he was denied accommodation because he is in a wheelchair"[12] even though the claims alleged are based on a projecting curb ramp and an excessive slope that affect persons who use

---

[10] Complaint, ¶¶ 8, 11, 12, 15, 16, 17, 21.
[11] Complaint, ¶ 19.
[12] Def Motion, p. 14, lines 13-16.

wheelchairs and mobility devices.[13] As noted above, the *Chapman* court held that "the ADAAG establishes the technical standards required for 'full and equal enjoyment'" and that "if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access" and "constitutes 'discrimination' under the ADA." (*Chapman*, 631 F.3d at 947.

Once "sufficient factual matter, accepted as true" has been alleged to state a plausible claim, the complaint is sufficient because "the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim.'" (*Twombly*, *supra*, 550 U.S. at 556.) "[C]oncerns about specificity in a complaint are normally handled by the array of discovery devices available to the defendant." (*Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 842 (9th Cir. 2007).)  In *Skaff*, the Ninth Circuit was faced with a challenge to the specificity of the complaint and noted that there are plenty of discovery vehicles available to a defendant who wishes to explore the factual underpinning of a plaintiff's ADA case:

> Le Meridien could have asked Skaff formally what barriers he had encountered, where they were in the hotel, when he encountered them, what he did about it, whether any person was present when he encountered the barriers, and, for each barrier, what damages he claimed to have suffered. If Le Meridien believed that Skaff gave conclusory answers to interrogatories on this score, Le Meridien was free to move to compel more complete answers pursuant to Rule 37 in light of what is relevant during discovery under Rule 26. Le Meridien also had the option of taking Skaff's deposition pursuant to Rule 27 and inquiring on such points, testing his credibility with cross-examination. Le Meridien could also have sent requests for admission, pursuant to Rule 36, asking, for example, for conclusive admissions that Skaff had not encountered barriers not identified by him in interrogatories or deposition.

(*Skaff*, *supra*, 506 F.3d at 842.)

---

[13] Complaint, ¶¶ 1, 12.

11

The *Skaff* court concluded that, "when notice of a claim is given that satisfies Rule 8, concerns about specificity in a complaint are properly addressed through discovery devices under Rules 26, 27, 33, and 36, and, if applicable, the pre-trial order entered pursuant to Rule 16." (S*kaff*, *supra*, 506 F.3d at 842.) Reliance upon discovery tools instead of rounds of pleadings has become the favored approach. "Rather than endless pleadings served back and forth ad infinitum . . . that had characterized common law litigation, modern civil procedure instead relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." (*Doe v. Abington Friends School*, 480 F.3d 252, 256 -257 (3rd Cir. 2007) (internal citations omitted))

**VI. No early site visit or evidentiary hearing is warranted because Defendant has submitted no evidence to convert its motion into a factual one.**

Defendants assert that "[i]f the court resolves a Rule 12(b)(1) motion on declarations alone, without holding an evidentiary hearing, it should apply a standard similar to that used in deciding summary judgment motions."[14]

Defendants submitted <u>no</u> extrinsic evidence in support of its Rule 12(b)(1) motion and Plaintiff has refuted each of the defense's arguments by referencing only the face of the Complaint's pleadings. Defendants have failed to convert their motion from a facial attack to a factual one that requires an early site visit or evidentiary hearing.

Accordingly, the Court can and should decide Defendants' Motion on the papers because it is without evidentiary support and merit.

**VII. Conclusion**

Plaintiff Bouyer respectfully requests this Court deny the defense motion and permit this case to proceed past the pleadings stage. The Complaint gives

---

[14] Def Motion, p. 12, lines 10-13.

Defendants fair notice of Mr. Bouyer's claims and has adequate factual and legal allegations. Should the Court grant any aspect of the Motion, Plaintiff requests leave to amend in accordance with the mandate that such leave be granted freely and liberally. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2002) (the policy in favor of permitting amendment is to be applied with "extreme liberality").

DATED: August 17, 2020            Respectfully submitted,
                                                     MANNING LAW APC

                                         By:   */s/ Joseph R. Manning, Jr.*
                                                           Joseph R. Manning, Jr.