Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23276 South Pointe Dr., Ste 216
Laguna Hills, CA 92653
Direct : 949 859 9200
email : sahelianlaw@me.com

Attorneys for Gidon A. Lavi; Roberta Kay Lavi

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (Western Division - Los Angeles)

Anthony Bouyer
    Plaintiff,
vs.
Gidon A. Lavi; Roberta Kay Lavi
    Defendants.

**CASE NO.:** 2:20-cv-04764-PSG-AS
The Honorable Philip S. Gutierrez

ANSWER TO COMPLAINT

Complaint Filed: 5/28/20

**ANSWER TO COMPLAINT - Page 1 -**

# ANSWER TO COMPLAINT

Defendants Gidon A. Lavi and Roberta Kay Lavi, (hereinafter "Defendants"), and by and through their counsel Ara Sahelian, Esq., answers the Complaint of Plaintiff Anthony Bouyer (hereinafter "Plaintiff") as follows:

## PARTIES

1. In response to Paragraph 1 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendants admit that they owned the property located at 15516 Vanowen St., North Hollywood, CA 91605 ("Property") on or around May 22, 2020.

3. In response to Paragraph 3 of the Complaint, Defendants admit that they own the Property currently.

4. In response to Paragraph 4 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## JURISDICTION AND VENUE

5. In response to Paragraph 5 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7. In response to Paragraph 7 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**FACTUAL ALLEGATIONS**

8. In response to Paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendants admit that portions of the Business are open to the public, a place of public accommodation, and a business establishment.

10. In response to Paragraph 10 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11. In response to Paragraph 11 of the Complaint, Defendants deny each and every allegation made in this paragraph.

12. In response to Paragraph 12 of the Complaint, Defendants admit to the existence of a curb ramp but deny that the curb ramp caused harm, injury, difficulty, frustration, or embarrassment to the Plaintiff.

13. In response to Paragraph 13 of the Complaint, Defendants are unaware of Plaintiff's specific limitations, as the allegation as to his disability are vague, and on that basis deny each and every allegation.

14. In response to Paragraph 14 of the Complaint, Defendants deny each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendants deny each and every allegation made in this paragraph.

16. In response to Paragraph 16 of the Complaint, Defendants are unaware of Plaintiff's specific limitations, as the allegation as to his disability are vague, and on that basis deny each and every allegation.

17. In response to Paragraph 17 of the Complaint, Defendants are unaware of Plaintiff's specific limitations, as the allegation as to his disability are vague, and on that basis deny each and every allegation.

18. In response to Paragraph 18 of the Complaint, Defendants deny each and every allegation made in this paragraph.

19. In response to Paragraph 19 of the Complaint, Defendants are unaware of Plaintiff's specific limitations, as the allegation as to his disability are vague, and on that basis deny each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendants deny each and every allegation made in this paragraph.

21. In response to Paragraph 21 of the Complaint, Defendants deny each and every allegation made in this paragraph.

22. In response to Paragraph 22 of the Complaint, Defendants deny each and every allegation made in this paragraph.

23. In response to Paragraph 23 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

24. In response to Paragraph 24 of the Complaint, Defendants are unaware of Plaintiff's specific limitations, as the allegation as to his disability are vague, and on that basis deny each and every allegation.

25. In response to Paragraph 25 of the Complaint, Defendants are unaware of Plaintiff's specific limitations, as the allegation as to his

disability are vague, and on that basis deny each and every allegation.

## I. FIRST CAUSE OF ACTION:
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990,
## 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008

(P.L. 110-325)

26. In response to Paragraph 26 of the Complaint, Defendants restate and incorporate by reference the responses contained in paragraphs 1 through 26 of this Answer as set forth above, as if fully set forth herein.

27. In response to Paragraph 27 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

28. In response to Paragraph 28 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendants are not

required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.*

32. In response to Paragraph 32 of the Complaint, Defendants restate and incorporate by reference the responses contained in paragraphs 1 through 32 of this Answer as set forth above, as if fully set forth herein.

33. In response to Paragraph 33 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

35. In response to Paragraph 35 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

## GENERAL DENIAL

36. Defendants generally deny each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's unverified complaint, and further denies that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

**AFFIRMATIVE DEFENSES**

37. In further answer to Plaintiff's Complaint, Defendants allege the following affirmative defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE
### (No Intentional Acts or Omissions)

38. Defendants' acts or omissions were done in good faith pursuant to reasonable business justifications and do not constitute intentional acts or omissions resulting in discrimination against disabled persons.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Claimed Damages)

39. Plaintiff purposefully repeatedly encountered known barriers for the sole purpose of maximizing his damages. Plaintiff is therefore barred from recovering monetary damages to the extent that he has failed to mitigate or reasonably attempt to mitigate his damages as required by law. Damages, if any are awarded, should be reduced.

### THIRD AFFIRMATIVE DEFENSE
### (No Standing)

40. Plaintiff has no standing to bring this action under the ADA, the Unruh Civil Rights Act, or the Disabled Persons Act. Plaintiff cannot demonstrate that he has suffered an injury-in-fact, and that the injury is traceable to the Defendants' actions. Plaintiff has not encountered a barrier that "deprives him of full and equal enjoyment of the facility due to his particular disability." Plaintiff has not encountered any architectural barriers that relate to his disability. None of the barriers complained of has or will

impair Plaintiff's full and equal access. Plaintiff has not demonstrated "real and immediate threat of repeated injury" in the future. Plaintiff does not intend to return or is not deterred from returning because of the alleged architectural barriers.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Business Purpose)**

41. The site is a public place of accommodation for patrons of the store. Plaintiff had no purpose being present at the Site.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equivalent Facilitation)**

42. Defendants made available to Plaintiff equivalent facilitation which provided full and equal access throughout the site.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Intent to Impede or Impair Service or Access)**

43. Defendants did not intentionally impede or impair access or service to Plaintiff, and made good faith efforts to provide access to and in the public area of the Property.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Reliance on Local Building Authorities)**

44. Defendants' good faith reliance on local building authorities excuses Defendants' liability under state law claims.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Mootness - Injunctive Relief)**

45. Plaintiff's alleged claims for injunctive relief are barred, in whole or in part, because the challenged conditions have been or will shortly be

remedied and that Plaintiff will not again be subjected to the same alleged wrongful conduct by Defendants.

### NINTH AFFIRMATIVE DEFENSE
### (No Barriers to Access)

46. Plaintiff encountered no barriers to access. Defendants' property is readily accessible to disabled customers.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of Harm)

47. Plaintiff has not suffered any damages as a result of any actions or omissions of Defendants, and Plaintiff is thus barred from asserting any claims against Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Construction Tolerances)

48. Plaintiff's claims are barred because of all architectural barriers alleged by Plaintiff either do not exist and/or fall within "conventional building industry tolerances" or "dimensional tolerances." Plaintiff's alleged violations are based on minor deviations from the dimensional requirements.

### TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

49. Plaintiff unreasonably delayed in bringing this lawsuit.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Equivalent Facilitation)

50. Plaintiff's claims are barred because Defendants provided equal and equivalent facilitation for the Property.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

51. The Complaint, and each and every claim alleged therein, is barred because Plaintiff has been guilty of improper, inequitable, or wrongful conduct connected to the matters alleged the complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Name an Indispensable Party)**

52. Plaintiff's alleged claims are barred because of Plaintiff's failure to name an indispensable party or parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(De Minimis Deviations)**

53. Assuming, arguendo, that the ADA standards at 28 CFR part 36 App. A are deemed relevant to this case, any deviations from those guidelines are de minimis within construction and/or manufacturing tolerances.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Not Readily Achievable)**

54. The removal of the alleged access barriers complained of in the complaint, if any, are not readily achievable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Personal Encounter)**

55. Plaintiff cannot recover for alleged violations he did not personally encounter on a particular occasion, and which have not deterred any desire for access.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

56. Defendants' actions or inactions are not a legal and proximate cause of any damages or injuries that may have been sustained by Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

57. The claims for relief set forth in the Complaint are barred by the applicable statute of limitations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Removal of Architectural Barriers Were Not Readily Achievable)**

58. Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, does not subject Defendants to liability because the removal of the alleged architectural barriers was not readily achievable.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Difficulty, Discomfort, or Embarrassment)**

59. Plaintiff's claims are barred because Plaintiff did not experience difficulty, discomfort, or embarrassment because of the alleged violations

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Denial of Full and Equal Access)**

60. Plaintiff was not denied full and equal access or full and equal enjoyment, as a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by disabled persons.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Deterrence)**

61. Plaintiff was not deterred from visiting the site as a result of real or perceived architectural barriers.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Request Reasonable Accommodations or Modifications)**

62. Plaintiff's claims are barred because Plaintiff failed to request reasonable accommodations or modifications, which Defendants were willing to provide.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Defendants Provided Services via Alternative Methods)**

63. Any allegedly wrongful acts or omissions performed by Defendants or its agents, if any, does not subject Defendants to liability because Defendants were ready and willing to accommodate Plaintiff's alleged disability by providing full and equal access via alternative methods. However, Plaintiff never asked for or sought any assistance.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Real and Immediate Threat of Repeated Injury)**

64. Because an injunction is the only relief available to a private ADA plaintiff, Plaintiff must demonstrate a real and immediate threat of repeated injury in the future. Plaintiff cannot establish that he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, Plaintiff cannot show that discriminatory architectural barriers deter him from returning to a noncompliant accommodation, but that he would return if the barriers were

removed.

***

# PRAYER

WHEREFORE, Defendants pray that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that a judgment be entered in favor of Defendants;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendants be awarded their costs of suit incurred in defense of this action,

including its reasonable attorneys' fees; and,

4. For such further and other relief as the court may deem just and proper.

_____
Ara Sahelian, Esq.
Attorney for Defendants
Gidon A. Lavi and Roberta Kay Lavi

**DEMAND FOR A JURY TRIAL**

Defendants hereby demand a jury trial on all issues raised in the Complaint by Plaintiff for which a jury is authorized by law.

Ara Sahelian, Esq.

Attorney for Defendants

Gidon A. Lavi and Roberta Kay Lavi