1  Ara Sahelian, Esq., [CBN 169257]
2  SAHELIAN LAW OFFICES
3  23276 South Pointe Dr., Ste 216
   Laguna Hills, CA 92653
4  Direct : 949 859 9200
   email : sahelianlaw@me.com
5
6  Attorneys for Gidon A. Lavi; Roberta Kay Lavi
7
8
9            UNITED STATES DISTRICT COURT
10           CENTRAL DISTRICT OF CALIFORNIA
11
12
13
14
15
16 Anthony Bouyer,                    CASE NO.: 2:20-cv-04764-SB-AS
17          Plaintiff,
             vs.                      The Honorable Stanley Blumenfeld Jr.
18 Gidon A. Lavi; Roberta Kay Lavi,
19          Defendants.               POINTS AND AUTHORITIES TO
20                                    FIRST AMENDED MOTION TO
                                      DISMISS FOR MOOTNESS
21
22                                    Hearing Date: 11/20/20
23 .                                  Time: 8:30 AM
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**I. INTRODUCTION**
Compliance with Local Rule 7-3:

**II. BACKGROUND AND SUMMARY OF ARGUMENT**

**III. DISCUSSION**
A. The allegations of the Operative Complaint
B. While Plaintiff Fails to Allege the Manner in which His Injury Can Be Redressed by a Favorable Decision, Defendants Have Gone Ahead and Made All the Necessary Alterations
C. Judicial Standard
D. The ADA Claim is Moot

**IV. CONCLUSION**

_____

**TABLE OF AUTHORITIES**

*Pickern v. Holiday Quality Foods, Inc.*,
293 F.3d 1133, 1137 (9th Cir. 2002)
……………………………………………………… pg. 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).
……………………………………………………… pg. 6

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422, 430-431, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007).
……………………………………………………… pg. 6

*Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011)

*Johnson v. Gallup & Whalen Santa Maria*, No. 17-01191, 2018
WL 2183254, at *4 (N.D. Cal. May 11, 2018)
……………………………………………………… pg. 6

*Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 882-83
(N.D. Cal. 2015)
……………………………………………… pg. 7

*Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017)
……………………………………………… pg. 7

*Already, LLC v. Nike, Inc.,*
568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013)
……………………………………………… pg. 7

*Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d
353 (1982)).
……………………………………………… pg. 7

*Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.,*
711 F.2d 138, 139 (9th Cir. 1983)
……………………………………………… pg. 8

*Careau Grp. v. United Farm Workers of Am., AFL-CIO,*
940 F.2d 1291, 1293 (9th Cir. 1991)
……………………………………………… pg. 8

*Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)
……………………………………………… pg. 8

*Schlup v. Delo*, 513 U.S. 298, 332 (1995)
……………………………………………… pg. 9

*Celotex Corp. v. Catrett* - 477 U.S. 317, 323.
……………………………………………… pg. 9

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.
2007)
……………………………………………… pg.
9
*Celotex Corp. v. Catrett* - 477 U.S. 317, 323.
……………………………………………… pg. 9, 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS AND AUTHORITIES**

*Anderson*
…………………………………………………………… pg. 10

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)
…………………………………………………………… pg. 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)
…………………………………………………………… pg. 10

_____

Fed. R. Civ. P. 56(a),
…………………………………………………………… pg. 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS AND AUTHORITIES**

## POINTS AND AUTHORITIES TO FIRST AMENDED MOTION TO DISMISS FOR MOOTNESS

### I. INTRODUCTION

This Motion is being made on behalf of Gidon A. Lavi; Roberta Kay Lavi (hereinafter also "Defendants"). On May 28, 2020, plaintiff Anthony Bouyer (hereinafter also "Bouyer"), filed the instant action against Defendants, in relation to a strip mall, located at 12516 Vanowen St., North Hollywood (hereinafter also, "Property"), asserting claims for "Violations of the Americans with Disabilities Act and the Unruh Civil Rights Act.."

Compliance with Local Rule 7-3: two attempts were made to elicit Plaintiff's counsel's cooperation in conferring regarding the within motion. The first was by way of an email on October 13, 2020; the second, similarly by way of an email on October 20, 2020. Neither attempt was successful, in that neither led to a conference. Facing a deadline, Defendants had no choice but to file the within motion. (Declaration of counsel, ¶3).  (see Declaration of counsel, ¶3).

### II. BACKGROUND AND SUMMARY OF ARGUMENT

The case was filed May 28, 2020; Defendants' Motion to Dismiss was filed on June 29, 2020 and was denied on August 27, 2020. Defendants then

1   filed an Answer on September 10, 2020. The Scheduling Conference is set

2
3   for November 2, 2020. Defendants maintain that there were no violations of

4   the Americans with Disabilities Accessibility Guidelines (the Guidelines) to

5
6   begin with. The built-up curb ramp alleged in the complaint did not violate

7   the Guidelines. In the interest of avoiding protracted litigation, and in the

8
9   interest of avoiding further meritless suits, the existing curb-ramp has been

10  removed. The case is (and was) moot.

11      **III. DISCUSSION**

12
13      A. The Allegations of the Operative Complaint

14      In the operative complaint, Plaintiff alleges:

15
16      "[T]here were no designated parking spaces available for persons with

17  disabilities that complied with the 2010 Americans with Disabilities Act

18
19  Accessibility Guidelines ("ADAAG") on May 22, 2020." ¶ 11; that

20  "Defendants have: a built up curb ramp that projects from the sidewalk and

21
22  into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess

23  of the maximum grade allowed by ADAAG specifications (Section 406.1);

24
25  and, an accessible parking space that does not contain compliant accessible

26  parking signage (Section 502.6)." ¶ 12.

27

28

**POINTS AND AUTHORITIES TO FIRST AMENDED MOTION TO DISMISS FOR MOOTNESS - Page 3 -**

Bouyer essentially alleges that there was a built-up curb ramp that extended into the access aisle in the parking lot. Defendants promptly repaved the accessible parking space along with the access aisle to bring it to the same level as the sidewalk, thus, further facilitating the transition of a wheelchair from the parking space directly onto the sidewalk, and eliminating the shallow slope. The built-up curb ramp did not extend into the access aisle and was legal (see Exhibit H, page 125, upper diagram). In the interest of avoiding protracted litigation, and in the interest of avoiding further meritless suits, the existing curb-ramp has been removed. The "no parking" sign was also elevated (see Exhibit F).

B. <u>While Plaintiff Fails to Allege the Manner in which His Injury Can Be Redressed by a Favorable Decision, Defendants Have Gone Ahead and Made All the Necessary Alterations</u>

An ADA plaintiff must show his injury is caused by a violation of the objective ADAAG standards and may be redressed by a favorable order from a court. *Pickern v. Holiday Quality Foods, Inc*., 293 F.3d 1133, 1137 (9th Cir. 2002) ("[Defendant's] noncompliance with [the ADA] has caused [plaintiff's] injury, and an injunction requiring [defendant] to comply with the ADA would redress it."). Simply put, what aspects of the Property must

Defendants alter if Plaintiff is not to be deterred?

Bouyer alleges that there was no designated accessible parking space. To the contrary, there was an accessible parking space, along with an access aisle, sufficient to comfortably accommodate a wheelchair van (provided he drove a van).

The property was compliant. The access aisle was sufficiently level and wide for Bouyer to have comfortably exited his van and carry out his shopping. Built-up curb ramps are allowable (see Exhibit H, page 125). The built-up curb ramp did not project into the access aisle (see Exhibit A). Bouyer could have easily transitioned to the sidewalk and then back to his car.

While Bouyer provides little indication as to what his specific needs are relative to ambulating, Defendants have gone ahead and made the alterations noted below. The Property is in full compliance with the Guidelines. The alterations were not required. The built-up curb ramp was allowable under the Guidelines, (see Exhibit H, page 125). The alterations were made in order to avoid yet another meritless lawsuit by a serial filer such as Bouyer, here, who has filed no less than 330 cases in the Central District alone within the past

1
2  five years.
3
4       That said, the case moot.
5       C. Judicial Standard
6
7       Federal courts are courts of limited jurisdiction and presumptively lack
8  jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*,
9
10 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Because
11 jurisdiction is a preliminary issue, a court must first determine it has
12 jurisdiction before proceeding to rule on the merits of a case. *Sinochem Int'l*
13
14 *Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 430-431, 127 S. Ct. 1184,
15 167 L. Ed. 2d 15 (2007).
16
17      Plaintiff's ADA claim is moot. "[A] defendant's voluntary removal of
18 alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA
19
20 claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); see
21 also *Johnson v. Gallup & Whalen Santa Maria*, No. 17-01191, 2018 WL
22
23 2183254, at *4 (N.D. Cal. May 11, 2018) ("There can be no effective relief
24 here, where defendants have already removed the architectural barriers that
25
26 plaintiff identified in the complaint."). The defendant must "provide factual
27 support" in order to support a finding that the property has come into
28

2056

1
2
3
4
5
6
7
8
9
10

compliance with the applicable ADA standards. *Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 882-83 (N.D. Cal. 2015) (offering the following example of a properly supported opinion: "the pick-up counter . . . as modified now provides a length of 36 inches and a height of 34 inches, as such it complies with access regulations"), aff'd sub nom. *Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

A court's authority to hear a case ceases if it is rendered moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013). "A case becomes moot—and therefore no longer a [c]ase or [c]ontroversy for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome' .... [H]owever, [] a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued.... [A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful conduct could not reasonably be expected to recur." Id. (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982)).

27
28

D. <u>The Court Lacks Subject Matter Jurisdiction over Plaintiff's ADA</u>

**POINTS AND AUTHORITIES TO FIRST AMENDED MOTION TO DISMISS FOR MOOTNESS - Page 7 -**

Claim

While substantive issues are intertwined with the question of jurisdiction, the Court must nevertheless dismiss the action for lack of subject matter jurisdiction, by employing the standard applicable to a motion for summary judgment. A "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (citation omitted). "[T]he question of jurisdiction and the merits of an action will be considered intertwined where ... a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief. Id. (citation omitted) In that scenario, "the trial court should employ the standard applicable to a motion for summary judgment." *Careau Grp. v. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and ...

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).
The Court need not "assess credibility or weigh the evidence, but simply
determines whether there is a genuine factual issue for trial." *Schlup v. Delo*,
513 U.S. 298, 332 (1995). A fact is "material" if it "might affect the outcome
of the suit under the governing law," and a dispute as to a material fact is
"genuine" if there is sufficient evidence for a reasonable trier of fact to decide
in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 248 (1986). "If the evidence is merely colorable, or is not significantly
probative, summary judgment may be granted." *Id*. at 249-50.

The moving party bears the initial burden of identifying those portions of
the pleadings, discovery, and affidavits that demonstrate the absence of a
genuine issue of material fact. *Celotex Corp. v. Catrett* - 477 U.S. 317, 323.
Where the moving party will bear the burden of proof on an issue at trial, it
must "affirmatively demonstrate that no reasonable trier of fact could find
other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509
F.3d 978, 984 (9th Cir. 2007). On the other hand, where the party opposing
summary judgment would have the burden of proof at trial, the movant need
only point out "that there is an absence of evidence to support the nonmoving

party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The nonmoving party "may not merely state that it will discredit the moving party's evidence at trial," in the hopes that it can later develop evidence to support its claim. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").

   With the alterations made to the property, the Court must decide whether it has subject matter jurisdiction over Plaintiff's ADA claim. Deciding this issue, however, also determines the ultimate question in the case: liability under federal accessibility laws. Consequently, the Court must apply a summary judgment standard to decide the Motion.

   No reasonable trier of fact could find other than for the Defendants. Since Plaintiff has the burden of proof at trial, Defendants need only point out that there is an absence of evidence to support Plaintiff's case.

There are a sufficient number of of accessible parking spaces (see Exhibit H, page 172); The No Parking sign is appropriately placed and has the correct dimensions (see Exhibit F, and Exhibit H, page 183). Ms. Labov declares:

1. The accessible parking space and the adjoining access aisle measure no less than 204 inches (17 ft) in width (see Exhibit E, and Exhibit H, page 180).

2. The slopes of the accessible parking space and the adjoining access aisle are no greater than 2%.

3. The accessible parking space and the adjoining access aisle are a minimum of 228 inches, (19 ft) in length (see Exhibit D, and Exhibit H, page 180).

4. The ISA symbol is 36x36 inches. (See Declaration of Ms. Labov).

The Court must therefore dismiss Plaintiff's ADA claim as moot.

**IV. CONCLUSION**

In view of the foregoing, Defendants respectfully request that the Court dismiss the case - with prejudice.

Respectfully submitted:
Date: 10/22/2020

Ara Sahelian, Esq.
Attorney for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2056