1  Ara Sahelian, Esq., [CBN 169257]
2  SAHELIAN LAW OFFICES
3  23276 South Pointe Dr., Ste 216
   Laguna Hills, CA 92653
4  Direct : 949 859 9200
5  email : sahelianlaw@me.com

6

7  Attorneys for Gidon A. Lavi; Roberta Kay Lavi

8

9           UNITED STATES DISTRICT COURT
10          CENTRAL DISTRICT OF CALIFORNIA
11             (Western Division - Los Angeles)

12

13

14                              CASE NO.: 2:20-cv-04764-SB-AS
15  Anthony Bouyer
                                The Honorable Stanley Blumenfeld Jr.
16         Plaintiff,

17         vs.

18  Gidon A. Lavi; Roberta      **DECLARATION OF JASON JAMES,**
                                **CASp, IN SUPPORT OF**
19  Kay Lavi                    **DEFENDANTS' SUPPLEMENTAL**
20                              **BRIEF TO THEIR MOTION TO**
           Defendants.          **DISMISS FOR MOOTNESS**
21
22                              Complaint Filed:5/28/20
23  .                           Trial Date: 4/26/21

24                              Hearing Date: 1/29/2021
25                              Time: 8:00 AM

26

27

28

**DECLARATION OF JASON JAMES, CASp, IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF TO THEIR MOTION TO DISMISS FOR MOOTNESS**

I, JASON JAMES, CASp, hereby declare and state as follows:

1. I am over the age of 18 years and a resident of the State of California.  I have personal knowledge of the facts and circumstances set forth hereinafter, and could competently testify with respect thereto if called as a witness herein.

2. I am the president and lead inspector for Building Principles, LLC, and have been a Certified Access Specialist since 2001.

3. I am a Certified Access Specialist ("CASp") and not a party to this action.

4. In addition to my CASp certification, I possess DSA certifications for building inspections and structural masonry, as well as ICC certifications in masonry and accessibility. I am a licensed California Commercial Building Inspector.

5. I presently serve as an accessibility inspector and plan reviewer for the International Code Council, and have inspected more than 600 buildings across the western United States in that capacity since 2013.

6. During my professional career, I have personally inspected over 1100 buildings across California, including government-funded construction projects. I served as the Inspector of Record for over 500 government projects, including Golden West College, Chino Valley Unified School District, and the Central Courthouse for the Superior Court of California, San Diego County.

7. My opinions are expressed in the attached CASp report relative to the site, located at 12516 Vanowen St., North Hollywood, California ("Site"),a true and correct copy of which is attached.

8. I personally took the photographs at the site included in the inspection report of my findings.

9. In forming the opinions, I considered The Americans with Disabilities Act Architectural Guidelines (Guidelines) and the California Building Code.

10. In reviewing the complaint, I observed violations related to parking violations, only. Each has been corrected:

a. **The built-up curb ramp at the accessible parking space:** built-up curb ramp has been entirely eliminated. The accessible parking space has

a proper parking space, and a proper access aisle. The parking space

measures a minimum of 8 foot in width, and 18 feet in length and has the

proper insignia. The adjoining access aisle measures a minimum of 9 feet in

width and 18 feet in length, and has the proper lettering. These dimensions

conform to the requirements of the Americans with Disabilities

Accessibility Guidelines (Guidelines) at §36.402 Alterations, §502.3

Parking Spaces. There accessible parking space with its adjoining aisle

conform to the requirements of the The Americans with Disabilities Act

Architectural Guidelines (Guidelines).

b. **The signage:** it conforms with §502.6 Identification in that of the

lettering is the appropriate size, the overall sign is at the appropriate height

has the appropriate language.

11. **I've had the opportunity to review Ms. Janis Kent's report,**

**the parking section titled "0.2 PARKING."** I will address each of her

concerns:

a. "**Tow-away sign.**"

While this item is not included in the complaint, the sign is fully

compliant in that it has the language necessary to inform customers. It is not

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a requirement in the ADA Guidelines. §11B-502.8 is a California Building Code requirement and not reflected in the Guidelines (the Guidelines are federal).

b. "**Two reserved parking is missing a van accessible space.**"

The parking lot has less than 25 total parking spaces. As a result, it is only required to have a single van-accessible parking space. A van-accessible parking space has been provided. The parking lot, as it exists, complies with §11B-208.2, and 11B-208.3 of the California Building Code.

c. "**Head of space and aisle have a non-compliant blended transition into the walkway.**"

The yellow detectable warning is not an item mentioned in the complaint. In addition, it does not apply to a wheelchair confined customer. The yellow detectable warning is called a truncated dome and it is designed to assist those who are visually impaired and who use a cane. It would be nearly impossible for someone to ambulate a wheelchair and use a cane at the same time.

d. "**Behind parking space slope is greater than 2.083%.**"

Section 11B-502.7.1 is a California requirement and not reflected in

**DECLARATION OF JASON JAMES, CASp, - Page 5 -**

the Guidelines. The slope behind the accessible parking space is of no concern to the wheelchair-bound customer in that he or she can transfer to a wheelchair in the access aisle and traverse towards the sidewalk without difficulty. Moreover, there is no requirement in the Guidelines that the area behind at the parking space be less than 2% in slope.

      e. "**Behind aisle slope is greater than 2.083%.**"

      Section 11B-502.7.1 is a California requirement and not reflected in the Guidelines. Again, there is no reason for the wheelchair-bound customer to traverse to the back of the parking space. Moreover, there is no requirement in the Guidelines that the area behind at the parking space be less than 2% in slope.

      f. "**When new asphalt was installed it was not sufficiently feathered out and provides a steep drop off from the space and in the access sale.**"

      Section 11B-502.7.1 is a California requirement and not reflected in the Guidelines. Again, there is no reason for the wheelchair-bound customer to traverse to the back of the parking space. Moreover, there is no requirement in the Guidelines that the area behind at the parking space be

less than 2% in slope.

g. **"On-grade diagonal striping in access aisle does not contrast with paving surface and the aisle is missing a complete border on all four sides."**

Section 11B-502.3.3 is a California requirement and not reflected in the Guidelines.

12. In sum, the parking space is compliant in every respect, and the accompanying signage as well. All issues noted in the complaint have been addressed.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was signed by my hand this Monday, January 18, 2021, at Temecula, CA, California.

JASON JAMES, CASp,